# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MELISA A. BEYER,

        Petitioner,

   v.                            Case No. 18-C-1635

UNITED STATES OF AMERICA,

        Respondent.

---

## ORDER REGARDING WAIVER OF
## ATTORNEY-CLIENT PRIVILEGE

---

Melisa Beyer was convicted of embezzlement of funds from a credit union in violation of 18 U.S.C. § 657, sentenced to three years in prison and ordered to pay $800,000 in restitution. On October 15, 2018, she filed a motion to vacate her conviction pursuant to 28 U.S.C. § 2255, based in part upon ineffective assistance of her counsel, Bradley J. Priebe. On October 22, 2018, the court issued its screening order directing the government to respond to the petition. The government has since filed a motion to compel records and statements, noting that in order to respond it needs to be able to interview Beyer's previous counsel about his alleged ineffectiveness. For the reasons that follow, the government's motion will be granted.

The attorney-client privilege can be waived explicitly or implicitly. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987). The attorney-client privilege is implicitly waived when an individual asserts claims or defenses that place his or her attorney's advice at issue. *Garcia v. Zenith Electric Corp.*, 58 F.3d 1171, 1175, n.1 (7th Cir. 1995). An implied waiver can also be found where a petitioner asserts ineffective assistance of counsel in a habeas case. *United*

*States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (stating that "when a habeas petitioner claims ineffective assistance of counsel, he implicitly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim"). See also *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that 'where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.'")

Based upon the foregoing, Beyer has implicitly waived her attorney-client privilege as to the claims of ineffective assistance of counsel that she has included in her petition. Accordingly, Bradley J. Priebe is directed to disclose to the government any otherwise privileged information concerning her claims that he was ineffective in his representation of her in the above matter. This order, however, will be stayed for a period of 10 days to allow Beyer to withdraw her claims of ineffective assistance of counsel if she chooses not to waive attorney-client privilege. In the event she decides not to allow Attorney Priebe to disclose attorney-client privileged information, her claims of ineffective assistance will be dismissed with prejudice. In other words, if she refuses to waive her right to attorney-client privilege, the claim of ineffective assistance of counsel will be dismissed. The government's time to respond to the petition is extended to fourteen days after either Attorney Priebe's response to its inquiry or, alternatively, dismissal of Beyer's ineffective assistance of counsel claims.

SO ORDERED on November 2, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court