UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELISA A. BEYER,

    Petitioner,

v.                                                  Case No. 18-C-1635

UNITED STATES OF AMERICA,

    Respondent.

## ORDER OF DISMISSAL

On January 31, 2018, Petitioner Melisa A. Beyer, who was then represented by Bradley J. Priebe, pleaded guilty to embezzlement of funds from a credit union in violation of 18 U.S.C. § 657. On May 3, 3018, the court sentenced Beyer to 36 months and ordered her to pay restitution in the amount of $800,000. Judgment was entered on May 8, 2018. On September 10, 2018, Beyer filed a motion to appeal *in forma pauperis* and a transcript order form seeking transcripts from all proceedings in her case, which the court construed as a notice of appeal. The notice of appeal was untimely under Federal Rule of Appellate Procedure 4(b). On November 15, 2018, the Seventh Circuit dismissed the appeal pursuant to Federal Rule of Appellate Procedure 42(b). In the meantime, on October 15, 2018, Beyer filed a petition to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, to which the clerk has assigned the above case number.

The court screened Beyer's petition on October 22, 2018 and directed the government to file a response because it appeared Beyer may have stated a claim of ineffective assistance of counsel based on her claim that Attorney Priebe abandoned her during her appeal. On October 29, 2018,

the government filed a motion to compel record and statements because, in order to respond to Beyer's petition, it needed to speak with Attorney Priebe about his representation of Beyer, which required a waiver of attorney-client privilege. The court granted the government's motion and found that, should Beyer choose to proceed on her ineffective assistance claim, she would implicitly waive her attorney-client privilege. Beyer did not withdraw her ineffective assistance claim within the time allotted, so she waived attorney-client privilege. The government thereupon spoke with Attorney Priebe and has submitted its response. Beyer has submitted a letter and reply clarifying her abandonment claim. Based on the government's response, Beyer's clarification, and the record in the underlying case, 17-CR-26, I conclude that the petition should be dismissed.

Beyer's petition challenges the application of the abuse of trust enhancement at sentencing, the court's loss calculation, the restitution order, and the effectiveness of her counsel during sentencing and in abandoning her on appeal. Beyer's claim that the representation of her attorney was constitutionally deficient because he abandoned her on appeal is plainly meritless. Although the failure of counsel to appeal when instructed to do so is generally a *per se* violation of the Sixth Amendment, *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994), it is clear from the record that Beyer never told her attorney that she wanted to appeal. To the contrary, the record establishes that her attorney advised her both personally and in writing of her right to appeal and notified her of the time within which a notice of appeal would have to be filed in order to preserve her right to appeal. Priebe Aff. ¶¶ 5–6, ECF No. 7. In her clarifying reply, Beyer admits that "it was never my initial goal to file an appeal." ECF No. 6. She states she simply wanted transcripts so she could provide evidence to support the allegations of her § 2255 petition. *Id.* The court construed her motion to appeal *in forma pauperis*, which was filed at the same time as her request for

transcripts, as a notice of appeal, but her appeal was later dismissed by the Court of Appeals on Beyer's own motion. Priebe cannot be faulted for failing to file a notice of appeal that Beyer did not ask him to file and that she admits she did not intend to pursue.

Having forfeited her right to appeal, several of Beyer's other claims fail as a matter of law. Beyer's claims that the court erred in applying the abuse of trust enhancement and in its loss calculation are procedurally defaulted because they were not raised on direct appeal. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006) ("The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review."); *Degaglia v. United States*, 7 F.3d 609, 612 (7th Cir. 1993) ("[T]he failure to raise issues on direct appeal waives the right to challenge those issues in a § 2255 petition without showing cause and prejudice."). Beyer's challenge to the restitution order also fails because it is not cognizable under 28 U.S.C. § 2255. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) ("[Section] 2255 is not available to challenge an order of restitution imposed as part of a criminal sentence.").

Apart from abandonment, Beyer claims that her counsel was ineffective for failure to (1) meet with the government's forensic accountant or hire a private accountant; (2) challenge the abuse of trust enhancement; (3) disclose depositions alleging that the vault was balanced in 2013; and (4) investigate her gambling. Contrary to Beyer's claims, the record shows that Attorney Priebe did meet with the government's accountant and challenged the abuse of trust enhancement. Priebe Aff. ¶ 3; Case No. 1:17-cr-00026-WCG-1, ECF No. 26 at 3. More importantly, however, Beyer fails to specify how her counsel's failure to hire a private accountant, disclose depositions regarding a 2013 vault balancing, and investigate her gambling rendered him ineffective. She fails to allege what

3

evidence was available to counsel that was not presented that would have altered the result. It is not enough at this stage of the proceedings to simply allege my attorney failed to investigate. "Habeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). Beyer's conclusory allegations of ineffective assistance of counsel are insufficient to meet these heightened pleading requirements. To warrant a hearing, she must specifically allege facts that, if true, would support habeas relief. She has failed to do so here.

**IT IS THEREFORE ORDERED** that Beyer's petition (ECF No. 1) is **DISMISSED** without prejudice. Beyer may amend her petition within thirty (30) days of the date of this order. Any amended petition must be complete in itself and may not incorporate any prior petition or filing. Beyer must allege enough facts to support each basis on which her ineffective assistance of counsel claim rests. She must describe with specificity what evidence her attorney failed to present as a result of his deficient performance. Failure to file an amended petition on or before January 3, 2019, will result in the dismissal of this action with prejudice.

Dated this   4th   day of December, 2018.

                                             s/ William C. Griesbach
                                             William C. Griesbach, Chief Judge
                                             United States District Judge