UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELISA A. BEYER,

    Petitioner,

v.                                                       Case No. 18-C-1635

UNITED STATES OF AMERICA,

    Respondent.

## ORDER OF DISMISSAL

On February 14, 2017, Melisa Beyer was indicted on charges of embezzlement from Oshkosh Community Credit Union where she was employed and making false statements with the intent to defraud in violation of 18 U.S.C. §§ 657 and 1006. Case No. 17-CR-026, Dkt. No. 1. Beyer was originally represented by Attorney Thomas Phillip, but later retained Attorney Bradley Priebe. On February 1, 2018, Beyer entered a plea of guilty to the embezzlement charge. On May 3, 2018, Beyer was sentenced to 36 months imprisonment followed by 3 years of supervised release. She was also ordered to pay restitution in the amount of $800,000. She failed to file a timely notice of appeal, and an untimely appeal was dismissed by the Court of Appeals on her own motion on November 15, 2008.

In the meantime, Beyer filed a petition to vacate her sentence under 28 U.S.C. § 2255 on October 15, 2018. The court dismissed Beyer's petition without prejudice on December 4, 2018, with leave to amend. Beyer filed her amended petition on January 3, 2019. In her amended petition, Beyer argues that Attorney Priebe provided ineffective assistance of counsel in violation

of her Sixth Amendment right to counsel in the following respects: (1) he failed to contest the two-level breach of trust enhancement to her offense severity score set forth in USSG § 3B1.3; (2) he failed to hire a forensic accountant to calculate the loss amount consistent with the thefts beginning after July 2013 when a vault cash count supposedly matched the credit unions's records; and (3) he failed to investigate the extent of her gambling losses. Each of the claimed deficiencies is either belied by or has no support in the record.

Beyer's claim that Attorney Priebe failed to challenge the abuse of trust guideline enhancement is belied by the record. The enhancement applies when the defendant abuses a position of trust that significantly facilitated the commission or concealment of the offense. USSG § 3B1.3. According to the Application Note, the adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the factors permitting such crimes to continue such as having managerial or professional discretion and less supervision than other employees. The record affirmatively shows that Attorney Priebe did challenge this enhancement. Attorney Priebe filed an objection to the Presentence Investigation Report which recommended the enhancement, Case No. 17-CR-026, Dkt. Nos. 26 at 3; and 28-1 at 4, and characterized the defendant as an "over-glorified teller." *Id.*, Dkt. No. 28-1 at 5. Attorney Priebe also contracted for and filed a defense Presentence Report, which extensively analyzed the offense and background of the defendant and recommended a minimal term of incarceration. Dkt. No. 25.

Thus, Beyer's claim that Attorney Priebe provided ineffective assistance by failing to object to the abuse of trust enhancement fails. Her claim is directly refuted by the record. The fact that the court overruled Attorney Priebe's objection does not show ineffective assistance. Her failure

2

to appeal the court's ruling precludes further review of the merits of her claim. It is enough to note her attorney objected.

Beyer's claim that Attorney Priebe provided ineffective assistance in failing to hire a forensic accountant also fails. Beyer fails to allege what a forensic accountant would have found that would have helped her defense. It may be that a forensic accountant's review of the evidence could have damaged Attorney Priebe's argument that the amount of loss was not adequately established. Absent some indication how a forensic accountant would have helped, Beyer is not entitled to relief on that ground as well. "[A] petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990); *see also Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003).

Finally, Beyer's claim that Attorney Priebe was ineffective for failing to investigate the extent of her gambling losses suffers from the same deficiencies. Beyer offers nothing more than speculation that such further investigation would have helped her case. She has presented no evidence or facts which provide support for such a claim. She simply complains that Attorney Priebe did not do more. This is not enough to warrant relief or even an evidentiary hearing under § 2255. Beyer's petition will therefore be denied and her case dismissed.

**SO ORDERD** at Green Bay, Wisconsin this 27th day of December, 2019.

 s/ William C. Griesbach
William C. Griesbach,
United States District Judge
